IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARONDA LAMPLEY, on behalf of herself and all other plaintiffs similarly situated known and unknown, | ) ) ) ) | Case No.: |
| Plaintiffs, | ) ) ) | Judge: |
| v. | ) ) | |
| ARYAANI LLC dba SUBWAY, JILI LLC, and ILESH H. PATEL, individually. | ) ) ) ) | Magistrate Judge: |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, SHARONDA LAMPLEY, individually and on behalf of persons similarly situated, state as follows as her Collective Action Complaint against ARYANNI LLC dba SUBWAY ("Aryaani"), JILI LLC ("JILI") and ILISH H. PATEL, individually ("Patel," and collectively with Aryaani and Jili, "Defendants"):

**Nature of the Action**

1.  Plaintiff brings this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, and the Chicago Ordinance on Minimum Wage ("Chicago Ordinance"), Chicago Mun. Code Chap. 1-24, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks, for refusal to pay the minimum wage required for employees in the City of Chicago and for their refusal to pay employees their full wages within the time period

1

required by law. Defendant's unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and her state law claims pursuant to F.R.C.P. 23.

**Parties**

2. Plaintiffs are all citizens of Illinois who are current or former employees of Defendants who were employees of Defendants.

3. Defendant Aryaani LLC dba Subway is an Illinois limited liability company with its headquarters at 939 North Plum Grove Road, Suite A, Schaumburg, Illinois. Aryanni is a Subway franchisee which operates a Subway store at 5215 West Chicago Avenue, Chicago, Illinois.

4. Defendant Jili LLC is an Illinois limited liability company with its headquarters at 939 North Plum Grove Road, Suite A, Schaumburg, Illinois. Jili LLC is a Subway franchisee which operates a Subway store at 5973 West Madison Street, Chicago, Illinois.

5. Defendant Ilesh H. Patel is the owner of Jili LLC. Patel also holds himself out as the owner of Aryaani. Patel is responsible for the pay rates, schedules and other terms and conditions of Plaintiffs' employment.

6. Upon information and belief, Patel also owns other Subway franchise stores such as a store in Chicago located on Pulaski and Berry. Upon information and belief, the several employees working at Aryaani and Jili also work at the other Subway franchises owned and operated by Patel.

**Jurisdiction and Venue**

5.  Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6.  Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**Factual Allegations**

7.  Plaintiffs were employed as non-management employees by Defendants. Plaintiffs were paid on an hourly basis. Plaintiffs were required to work at both locations. Between the two stores, Plaintiffs worked over 40 hours in any given week but were not paid at a rate of time-and-one-half for all hours they worked over forty.

8.  Defendants shared employees between the two stores. Most, if not all of the employees of each location worked at the other. Additionally, Defendants' managers worked at both locations.

9.  At all times relevant to this Complaint, Plaintiffs, who are paid on an hourly basis, earned between $8.25 and $9.00 per hour and were not paid at a rate of one and one half of their hourly rate for hours they work in a week over forty.

10. Plaintiff Sharonda Lampley routinely worked more than forty hours in a week. For example, for the two-week period beginning August 5, 2015 and ending August 18, 2015, Ms. Lampley worked 78 hours for Aryaani and 23 hours and 36 minutes for Jili. Added together, these hours amount to far more than forty in a work week.

11. Ms. Lampley was compensated at a rate of $8.25 for all hours she worked. Ms. Lampley requested to be paid $10 per hour pursuant to the Chicago Ordinance, but she was told

3

by the general manager that Defendants did not have to pay $10 per hour because they were exempt because they employed fewer than three employees.

12. Defendants employ more than three employees.

13. For nearly all weeks she worked, Ms. Lampley was not paid for the hours she worked. For example, in the very first week she worked for Defendants (the week beginning July 22, 2015), her paycheck was short approximately nineteen hours. Plaintiff attempted to speak to Patel about the shortage, but he avoided contacting her for quite some time. Eventually, he did pay her for an additional nineteen hours, but he did not do so until September 8, 2015. Defendants did not pay Ms. Lampley at the overtime rate for the pay period beginning July 22, 2015. Additionally, Plaintiff was short four hours from when she worked for Jili and fifteen hours from when she worked for Aryaani. The total of nineteen hours was paid on a check from Jili only.

### Class and Collective Allegations

15. Plaintiffs seek to prosecute their FLSA claims as a collective on behalf of all hourly employees of Defendants in the State of Illinois within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time. Likewise, Plaintiffs seek to prosecute their IMWL and IWPCA claims pursuant to F.R.C.P. 23.

16. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendants failing to credit all overtime hours worked.

17. Plaintiffs and other similarly situated employees were not exempt from overtime pay.

18. At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) - within a workweek.

19. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one‐half wages for overtime hours worked.

20. There are estimated to be over 50 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

21. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

22. Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

## **COUNT I - OVERTIME DUE UNDER THE FLSA**
**(On Behalf of all Non-Management Employees)**

23. Paragraphs 1 through 22 are re-alleged as if fully set forth herein.

24. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

25. Defendants are a "single enterprise" for purposes of the FLSA because they are in the same business (making Subway sandwiches), share unified operation and common control (through Defendant Patel) and operate for a common business purpose.

26. Defendants have a policy and practice of refusing to pay overtime compensation to its hourly employees for the hours worked in excess of forty (40) hours per week.

27. Defendants' failure to pay Plaintiff and similarly situated members of the proposed class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II - VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

32. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff and similarly situated employees for all hours worked in excess of forty (40) hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

33. During the 3 years prior to the filing of this Complaint, Plaintiff and similarly situated employees were regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but were not compensated for such overtime work.

34. By failing to pay overtime compensation due to Plaintiff and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

35. As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Certification of a class of Plaintiffs defined as current and former non-management employees. The relevant time period is for work performed within the past three (3) years preceding this lawsuit to the day of trial;

B.     A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff and the Class;

C.     A declaratory judgment that Defendants' violations of the IMWL were willful;

D.     A judgment to Plaintiff and the Class in the amount of unpaid overtime;

E.     A judgment to Plaintiff and the Class of punitive damages as provided by IMWL;

F.     A judgment to Plaintiff and the Class of reasonable attorneys' fees;

G.     Costs incurred in filing this action; and

H.     Such other and further relief as this Court deems appropriate and just.

### COUNT III - FAILURE TO PAY WAGES TIMELY
### (Illinois Wage Payment and Collection Act)
### (Plaintiff Lampley Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

36.     Plaintiff hereby realleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.     Illinois law provides that:

> Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period.

820 ILCS §115/3.

38.     Defendant has a policy and adhere to said policy of not paying Plaintiffs and members of the Class all of wages earned within the timeframe prescribed by the IWPCA.

39.     For example, in the very first week she worked for Defendants (the week beginning July 22, 2015), Ms. Lampley's paycheck was short approximately nineteen hours. Plaintiff attempted to speak to Patel about the shortage, but he avoided contacting her for quite some time. Patel told Ms. Lampley that he could not meet with her, so he sent the General

Manager Ravi to speak to her about the shortage. Eventually, Defendants did pay her for an additional nineteen hours, but he did not do so until September 8, 2015.

40. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. Defendant's actions were willful and not in good faith.

41. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq*. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated employees whom Plaintiffs seek to represent in this action, request the following relief:

    A. Certification of a class of Plaintiffs defined as current and former hourly employees. The relevant time period is for work performed within the past ten (10) years preceding this lawsuit to the day of trial;

    B. An award of all damages allowed under the law, including statutory interest and attorneys' fees and costs.

**COUNT IV - VIOLATION OF THE CHICAGO ORDINANCE ON MINIMUM WAGE**
**(Plaintiff Individually And On Behalf Of All Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23 Against Defendants Jili and Aryaani)**

42. Plaintiff hereby realleges and incorporates paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

43. This count arises from Defendants' violation of the minimum wage provisions of the Chicago Ordinance, Chicago Muni. Code, Chapter 1-24-010, et seq.

44.     Plaintiff and similarly situated employees are "covered employees" as that term is defined in the Chicago Ordinance.

45.     Defendants Jili and Aryaani are each "Employers" as that term is defined in the Chicago Ordinance.

46.     Defendants Jili and Aryaani did not post the notice in the locations as required by the Chicago Ordinance and did not provide Plaintiff or other similarly situated employees with notice with their first paycheck as required by the Chicago Ordinance.

47.     Under the Chicago Ordinance, Defendants were and remain obligated to compensate Plaintiff and similarly situated employees at a rate of no less than $10 per hour for all hours worked in the City of Chicago after July 1, 2015.

48.     Since July 1, 2015, Defendants have failed to pay Plaintiff similarly situated employees $10 or more per hour.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     Certification of a class of Plaintiffs defined as current and former non-management employees.  The relevant time period is for work performed from July 1, 2015 to the day of trial;

B.     A declaratory judgment that Defendants have violated the Chicago Ordinance as to the Plaintiff and the Class;

C.     A declaratory judgment that Defendants' violations of the Chicago Ordinance were willful;

D.     A judgment to Plaintiff and the Class in the amount of unpaid wages;

E.     A judgment to Plaintiff and the Class of treble damages as provided by the Chicago Ordinance;

F.     A judgment to Plaintiff and the Class of reasonable attorneys' fees;

G. Costs incurred in filing this action; and

H. Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA overtime claim.

Dated: October 21, 2015

                                                              Respectfully submitted,

                                                              By: /s/ David J. Fish
                                                              One of Plaintiffs' Attorneys

David Fish
Sarmistha Banerjee
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
buri@fishlawfirm.com
khilton@fishlawfirm.com